UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


MILTON GREEN,

      Plaintiff,

v.                                           Case No: 8:11-CV-0190-T-27EAJ

FLORIDA UNEMPLOYMENT APPEALS
COMMISSION, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Affidavit of Indigency** (Dkt. 2), which the court construes as a motion for leave to proceed in forma pauperis.

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted). Dismissal is also appropriate if review of the complaint reveals a lack of subject matter jurisdiction. See, e.g., Figueroa v. Poinciana Ass'n, No. 6:08-cv-830-Orl-19KRS, 2008 WL 3889623, at *1 (M.D. Fla. Aug. 20, 2008).

In June 2009, Plaintiff, an African-American, applied for unemployment benefits.[1]   On September 18, 2009, Florida's Agency for Workforce Innovation determined that Plaintiff was ineligible for benefits.  Plaintiff had a telephonic hearing with "the Unemployment referee" on December 1, 2009, and sought review by the Unemployment Appeals Commission ("UAC").  The UAC denied the request for review as untimely.  In July 2010, Florida's First District Court of Appeal ("the First DCA"), by per curiam affirmance without explanation, upheld the UAC's decision.  See Green v. Fla. Unemployment Appeals Comm'n, 39 So. 3d 322 (Fla. 1st DCA 2010) (per curiam) (unpublished table decision).

Plaintiff claims that he was denied due process and equal protection under the law because his UAC appeal was deemed untimely without an evidentiary hearing to assess whether there was good cause for the untimeliness (Id.).  Plaintiff has failed to state a plausible claim that the appeal was deemed untimely due to racial discrimination.  Moreover, Plaintiff's claims against the UAC are barred by the Eleventh Amendment.  See Fincher v. Fla. Dep't of Labor and Emp't Sec. - Unemployment Appeals Comm'n, 798 F.2d 1371, 1371 (11th Cir. 1986) (per curiam).[2]   As Plaintiff's claims are likely due for dismissal, his request to proceed in forma pauperis should be denied.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)      Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 2) be **DENIED**

---

[1] For purposes of this order, the allegations in the complaint are accepted as true.

[2] Plaintiff lists the "Florida Unemployment Appeals Commission, et al." as Defendants.  To the extent Plaintiff seeks to assert the same claims against the First DCA, those claims are also barred by the Eleventh Amendment.  See Kaimowitz v. Fla. Bar, 996 F.2d 1151, 1155 (11th Cir. 1993) (per curiam).

**WITHOUT PREJUDICE**;

(2)     Plaintiff be granted an opportunity to file an amended complaint that identifies each

of the individual defendants and asserts a basis for federal jurisdiction and plausible

claims; and

(3)     Plaintiff's failure to timely file an amended complaint result in dismissal of this

matter for lack of subject matter jurisdiction and/or failure to state a claim.  See also

Local Rule 3.10(a), M.D. Fla.

**Date: February 4, 2011**

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this

report within fourteen (14) days from the date of its service shall bar an aggrieved party from

attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).

Copies to:
Pro se Plaintiff
District Court Judge